IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2016 AUG 25 P 2: 36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| SUCCESS JUMBO, SAVIOR B. SAMUEL, BRIAN BAKE, SAMUEL LAZARUS, AMIYENKUMO EMMANUEL, RUTH OFUA, ROSELINE ATUIN, KEHINDE BATIFE, JEFFREY OGBUDU, IDOWU IJANBOH, TAMARRAUBIBIBOGHA GUNUBOH, EMMANUEL OPOKUMA DEMIAN UDAKA, MATHIAS MUMBOH PHILIP MEZEH, OBO SAKA, THANKGOD HAROLD, JAMES OGONIBA, APIRI OBANABA, STANLEY CHUKWUEMEKA, VICTOR DIAMOND, JIMMY IWEZU, FAITH DOUTIMIWEI, PROMISE OWEI, MANFRED PEPPLE, DIFFA PREKEBINA, EMMANUEL AZIBAKANYE, DAUBOTEI UGOWONNI, KELVIN AKONO, DANIEL HAROLD, IFEOMA OKORO, OLUWABUKOLA JAYEOLA, JUSTINA AMUSO, VICTORIA NWIDUM, LOLIA SOBEREKON, TARIERE OKUBA, & GODSGIFT MOSES,<br><br>Plaintiffs,<br>v.<br><br>ALABAMA STATE UNIVERSITY,<br><br>Defendant,<br><br>and,<br><br>FEDERAL REPUBLIC OF NIGERIA,<br><br>Necessary Party Defendant. | CASE NO. 2:16-cv-702<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

**COMES NOW** Plaintiffs Success Jumbo, Saviour B. Samuel, Brian Bake, Samuel Lazarus, Amiyenkumo Emmanuel, Ruth Ofua, Roseline Atuin, Kehinde Batife, Jeffrey Ogbudu,

1

Idowu Ijanboh, Tamaraubibibogha Gunuboh, Emmanuel Opokuma, Demian Udaka, Mathias Mumboh, Philip Mezeh, Obo Saka, Thankgod Harold, James Ogoniba, Apiri Obanaba, Stanley Chukwuemeka, Victor Diamond, Jimmy Iwezu, Faith Doutimiwei, Promise Owei, Manfred Pepple, Diffa Prekebina, Emmanuel Azibakanye, Daubotei Ugowonni, Kelvin Akono, Daniel Harold, Ifeoma Okoro, Oluwabukola Jayeola, Justina Amuso, Victoria Nwidum, Lolia Soberekon, Tariere Okuba, and Godsgift Moses, by and through their undersigned counsel, and hereby bring their Complaint against Alabama State University and the Federal Republic of Nigeria, and alleges as follows:

## I. INTRODUCTION

1. This Complaint seeks to redress Alabama State University's failure and/or neglect to disperse appropriate funds to Alabama State University students sponsored, financially, by the government of the Federal Republic of Nigeria, pursuant to an agreement with the Nigerian government, resulting in the Plaintiff Students being excluded from participation in, denied the benefits of, and/or subject to discrimination in violation of 42 U.S.C. § 2000d.

## II. PARTIES

2. Plaintiffs Success Jumbo, Saviour B. Samuel, Brian Bake, Samuel Lazarus, Amiyenkumo Emmanuel, Ruth Ofua, Roseline Atuin, Kehinde Batife, Jeffrey Ogbudu, Idowu Ijanboh, Tamaraubibibogha Gunuboh, Emmanuel Opokuma, Demian Udaka, Mathias Mumboh, Philip Mezeh, Obo Saka, Thankgod Harold, James Ogoniba, Apiri Obanaba, Stanley Chukwuemeka, Victor Diamond, Jimmy Iwezu, Faith Doutimiwei, Promise Owei, Manfred Pepple, Diffa Prekebina, Emmanuel Azibakanye, Daubotei Ugowonni, Kelvin Akono, Daniel Harold, Ifeoma Okoro, Oluwabukola Jayeola, Justina Amuso, Victoria Nwidum, Lolia Soberekon, Tariere Okuba, and Godsgift Moses, (hereinafter referred to collectively as "Plaintiff

Students" or "Students") are all citizens of Nigeria and are students at Defendant Alabama State University who are sponsored by the Nigerian government. This full sponsorship includes payment of tuition, fees, health insurance, room and board, textbooks, and miscellaneous personal costs, such as supplies, living expenses, and other incidentals. (See sponsorship letter ¶¶ 2 and 3, attached as Exhibit A).

3. Defendant Alabama State University (hereinafter "ASU" or "the University") is a state institution of higher education, located in Montgomery, Alabama. As a state institution of higher education, ASU receives money and/or transfers of goods from the United States federal government.

4. Necessary Party Defendant the Federal Republic of Nigeria (hereinafter "Nigerian government") sponsors the Plaintiffs students, pursuant to an agreement with ASU. The full sponsorship includes payment of tuition, fees, health insurance, room and board, and textbooks and miscellaneous personal costs. (See Exhibit A).

### III. JURISDICTION AND VENUE

5. This Complaint arises under and by virtue of 28 U.S.C. § 1331 as an action arising under the act of Congress known as Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000(d) et seq.) to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiffs, due to the Defendant ASU's discrimination against the Plaintiff Students.

6. This Court also has supplemental (pendent) jurisdiction pursuant to 28 U.S.C. § 1367 over the related state common law claims of breach of fiduciary duty, breach of agreement for the benefit of a third party, and unjust enrichment by ASU, asserted herein.

7. Venue is appropriate in the Middle District of Alabama pursuant to 28 U.S.C. §1391(b)(2), as the location of ASU is in the Middle District, and the events at issue in the underlying case all took place in the Middle District.

8. An actual case and controversy of justiciable nature exists between Plaintiff Students and ASU involving the failure and/or neglect of ASU to disperse appropriate funds to Plaintiff Students sponsored, financially, by the Nigerian government. ASU's failure and/or neglect to disperse funds resulted in ASU's denial, exclusion, and/or subjecting the Plaintiff Students to decreased services and/or the opportunity to participate in educational opportunities at Alabama State University because of their national origin, in violation of 42 U.S.C. § 2000d.

9. All other identifiable parties or entities who have or claim any interest in the matters in controversy or who would be affected by the declarations made by this Court have been made a party to this action. The Federal Republic of Nigeria has been made a party through the commercial activity exception of the Foreign Sovereign Immunity Act (28 U.S.C. § 1605(a)(2)(1)).

## IV. FACTS

10. Near the end of the 2013-2014 academic school year, the Plaintiff Students observed that money from the students' sponsorship by the Nigerian government was deposited in the Students' respective financial accounts with ASU. Nonetheless, the Students aver that they were not allowed by ASU to spend this money, but instead the money was credited towards certain expenses the Students incurred, or towards other expenses ASU incurred that were unrelated to the students.

11. On or about the 2014 fall semester, the money deposited in the 2013-2014 academic year was removed by ASU from the Students' accounts. Students were informed that

the money was removed from their accounts to pay some of the costs of the Students' 2014-2015 academic term fees, because the Nigerian government was late in paying monies for the 2014-2015 sponsorships.

12.   Plaintiff Students aver that the Nigerian government soon paid in full the entire cost for the 2014-2015 academic year. However, ASU did not return the money taken from the Students' accounts for the prior academic year, and did not deposit any excess sponsorship monies in the Students' accounts. Instead, ASU simply confiscated and converted to its own separate use said money, and as such, denied the Plaintiff Students the benefits of the monies they are entitled to.

13.   Upset by ASU's actions, the forty-one sponsored Students contacted Hon. Kingsley K. KuKu, Special Adviser to the President on Niger Delta, and asked him to investigate the matter.

14.   In return, on May 15, 2015, Mr. KuKu sent a letter addressed to ASU President Dr. Gwendolyn Boyd asking that "(1) All credit balances for tuition be carried over for each student and be used as initial deposit for the next semester fees, and (2) **all credits/balances on all other line items should be refunded to each student.**" (emphasis added)(See letter attached as Exhibit A). The Plaintiff Students aver that ASU ignored this request by the Nigerian government, further denying the Plaintiff Students the benefits of their scholarship money.

15.   On November 24, 2015, counsel for the Plaintiff Students sent a letter to President Boyd and Dr. Leon Wilson, Provost of ASU, asking ASU to disperse all funds to the plaintiff students, to which they were entitled. (See letter attached as Exhibit B).

16.   Nearly two months later, the same counsel received a letter from Kenneth L. Thomas, General Counsel for ASU, denying the plaintiff students' demand. (See letter attached

as Exhibit C). Mr. Thomas further stated that "any refunds and/or credits from payments remitted by the Nigerian Government to [ASU] would inure to the Nigerian Government, and not to individual students," because "[t]here is no financial arrangement between the University and the individual Nigerian students."

17. Plaintiff Students aver that although there is not a precise financial agreement between ASU and the individual students, the agreement between ASU, and the Nigerian government nonetheless requires that monies not used for tuition and fees be dispersed to the Plaintiff Students to cover, room and board, textbooks and other costs related to their education at Alabama State University.

18. Plaintiff Students aver that ASU properly distributes scholarship and federal loan monies to American students according to the proper guidelines, regulations, and/or requirements, but fails and/or neglects to distribute funds to the Plaintiff Students because of their Nigerian national origin, and that said disparity wrongfully discriminates against the Plaintiff Students on the basis of their Nigerian national origin in violation of 42 U.S.C. § 2000(d).

19. Plaintiff Students aver that they are entitled to the monies not used for their tuition to cover costs they have incurred related to their education at ASU, but ASU has wrongfully withheld those monies from the Plaintiff Students. As a result, the Plaintiff Students have been denied, excluded, and/or subjected to decreased services from Alabama State University, and/or charged increased prices for the same services provided to natural-born American students, and/or denied the opportunity to participate in educational opportunities at Alabama State University because of their national origin, in violation of 42 U.S.C. § 2000d.

20. The only relief Plaintiff Students seek from the Nigerian government is confirmation that their above position is correct, so that ASU cannot try to excuse, explain or alibi its way out of non-payment of the monies the Plaintiff Students seek by blaming the Nigerian Government. That is, given the reason by ASU for non-payment of the monies, the Plaintiff Students have named the Nigerian government as a necessary party Defendant, to confirm the allegations Plaintiffs are making, and to defeat any defense that ASU should pay the money back to the Nigerian government, thus inhibiting or denying Plaintiff Students' claim. The Nigerian government is also a necessary party in the event of a mediation, or settlement, with ASU.

## V. CAUSES OF ACTION

### COUNT I

**NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000(d)**

21. Plaintiffs hereby incorporate paragraphs 1 through 20 of this Complaint by reference, the same as if more fully set forth at length herein.

22. As previously stated, the Nigerian government sponsored the Plaintiff Students to attend ASU. This sponsorship includes tuition, fees, room and board, and textbooks. Upon information and belief, the Nigerian government submitted payment to ASU for each sponsored Plaintiff Student.

23. ASU has a duty to use and disperse scholarship monies to all students at the institution, including the Plaintiff Students, without discriminating against students on the basis of their national origin. ASU also has a duty to disperse any unused funds from the Nigerian government to the appropriate sponsored Plaintiff Student.

24. In violation of 42 U.S.C. § 2000(d) prohibiting national origin discrimination, ASU has withheld the unused funds from the sponsored Plaintiff Students, and by refusing to disperse the unused funds, ASU has discriminated against the Plaintiff Students on the basis of their national origin, when compared to other ASU students of an American national origin or some other country's national origin.

25. As a result of ASU's refusal to disperse unused funds, the Students have been unlawfully discriminated against by being denied, excluded, and/or subjected to decreased services from Alabama State University, and/or denied the opportunity to participate in educational opportunities at Alabama State University, all in violation of 42 U.S.C. § 2000d.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, the Plaintiff Students respectfully pray that this Honorable Court enter an Order declaring the following:

   a. That ASU refund all monies the Nigerian government has paid for services ASU did not offer to the Plaintiff Students sponsored by the Nigerian government;

   b. Enter an award of costs, together with a reasonable attorney's fee;

   c. Award such other and further relief as may be just and proper.

## COUNT II

### BREACH OF FIDUCIARY DUTY BY ASU TO PLAINTIFF STUDENTS

26. Plaintiffs hereby incorporate paragraphs 1 through 25 of this Complaint by reference, the same as if more fully set forth at length herein.

27. Plaintiff Students are sponsored by the Nigerian government and beneficiaries of a full sponsorship from the Nigerian Government that includes payment of tuition, fees, health

insurance, room and board, textbooks, and miscellaneous personal costs, such as supplies, living expenses, and other incidentals.

28. Through the foregoing relationship between Plaintiff Students and Defendants, there existed a relationship of dependence and influence whereby the Defendants had a fiduciary duty to Plaintiff Students to act with the utmost good faith and honesty, and not to favor their own interests at the expense of the interests of the Plaintiffs.

29. Through the foregoing conduct, defendants willingly and fraudulently breached their fiduciary duty owed to Plaintiffs by not distributing scholarship funds paid by the Nigerian Government to ASU for ASU's disbursement to the students.

30. As a direct and proximate result thereof, Plaintiff Students were damaged.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, the Plaintiff Students respectfully pray that this Honorable Court enter an Order declaring the following:

a. That ASU refund all monies the Nigerian government has paid for services ASU did not offer to the Plaintiff Students sponsored by the Nigerian government;

b. Enter an award of costs, together with a reasonable attorney's fee;

c. Award such other and further relief as may be just and proper.

## COUNT III

## BREACH OF AGREEMENT FOR THE BENEFIT OF A THIRD-PARTY BENEFICIARY BY ASU

31. Plaintiffs hereby incorporate paragraphs 1 through 30 of this Complaint by reference, the same as if more fully set forth at length herein.

32. Defendant ASU knew that Plaintiff Students would benefit from receiving funds from the Nigerian Government and that Plaintiffs could be harmed by any breach of contracts

9

and/or agreements between ASU and the Nigerian Government and/or ASU and the Plaintiff Students.

33. Plaintiff Students further allege ASU breached various contracts and/or agreements and, therefore, Plaintiff Students are entitled to damages as third-party beneficiaries because Plaintiff Students suffered damages as a result of the brief.

34. As a direct and proximate result of the actions of ASU, which combined and concurred to form the basis of this lawsuit, Plaintiffs have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, the Plaintiff Students respectfully pray that this Honorable Court enter an Order declaring the following:

a. That ASU refund all monies the Nigerian government has paid for services ASU did not offer to the Plaintiff Students sponsored by the Nigerian government;

b. Enter an award of costs, together with a reasonable attorney's fee;

c. Award such other and further relief as may be just and proper.

## COUNT IV

## UNJUST ENRICHMENT BY ASU

35. Plaintiffs hereby incorporate paragraphs 1 through 34 of this Complaint by reference, the same as if more fully set forth at length herein.

36. As a result of the conduct described above, ASU has been unjustly enriched at the expense of the Plaintiff Students.

37. ASU should be required to disburse all monies which they have obtained or will unjustly obtain in the future at the expense of the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, the Plaintiff Students respectfully pray that this Honorable Court enter an Order declaring the following:

a. That ASU refund all monies the Nigerian government has paid for services ASU did not offer to the Plaintiff Students sponsored by the Nigerian government;

b. Enter an award of costs, together with a reasonable attorney's fee;

c. Award such other and further relief as may be just and proper.

Respectfully submitted this the 25th day of August, 2016.

Success Jumbo, et al., Plaintiffs.

BY:

_____
Julian L. McPhillips, Jr. (ASB-3744-L74J)
Counsel for Plaintiffs

OF COUNSEL:
MCPHILLIPS SHINBAUM, LLP
516 S. Perry Street
Montgomery, AL 36104
Phone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@msg-lawfirm.com

## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

_____
OF COUNSEL

**NOTE FOR SERVICE:**

**SERVED VIA PRIVATE PROCESS SERVER**
Alabama State University
c/o President Gwendolyn Boyd
915 S. Jackson Street
Montgomery, AL 36104

**SERVED VIA CERTIFIED MAIL**
Federal Republic of Nigeria
c/o Joseph J. Gargadi, Consul
Consulate General of Nigeria
8060 Roswell Road
Atlanta, GA 30350