# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**SUCCESS JUMBO, et al.**                                                                 **PLAINTIFFS**

**v.**                                                          **CIVIL ACTION NO. 2:16-CV-702-KS-TFM**

**ALABAMA STATE UNIVERSITY**                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment [100] filed by Defendant Alabama State University. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

## I. BACKGROUND

Plaintiffs originally brought this action in this Court on April 29, 2016.[1] In that suit, Plaintiffs brought various state law claims against Defendant Alabama State University ("ASU") for mishandling scholarship monies provided to Plaintiffs by the Federal Republic of Nigeria. On July 6, 2016, that suit was dismissed without prejudice for lack of subject matter jurisdiction, as Plaintiffs failed to meet the jurisdictional amount required for diversity jurisdiction.

On August 25, 2016, Plaintiffs filed the current suit, which is based on the same alleged conduct, and bring the same state law claims against ASU. In addition to these claims, though, Plaintiffs bring a single federal claim under Title VI for national origin discrimination. Plaintiffs now claim that ASU mismanaged the scholarship monies and treated Plaintiffs differently than other students because they are from Nigeria.

---

[1] *Jumbo et al. v. Alabama State University et al.*, Civil Docket No. 2:16-CV-312-KS-GMB.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Eleventh Circuit has held that

> [s]ummary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)) (alteration in original).

### B. Title VI Claim

Plaintiffs bring their national origin discrimination claim under § 601 of Title VI, which prohibits discrimination "on ground of race, color, or national origin" by "any program or activity receiving Federal financial assistance."[2] 42 U.S.C. § 2000d. The Supreme Court has held that it is "beyond dispute . . . that § 601 prohibits only intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280, 121 S. Ct. 1511, 149 L.Ed.2d 517 (2001). "Generally, claims of . . . discrimination under Title VI should . . . be analyzed under the same standards for claims of

---

[2] Plaintiffs erroneously assert that they can also obtain relief under § 602 of Title VI, which allows for recovery against "activities that have a disparate impact on racial groups, even though such activities are permissible under § 601." *Alexander v. Sandoval*, 532 U.S. 275, 281, 121 S. Ct. 1511, 149 L.Ed.2d 517 (2001). The Supreme Court has held, though, that there is no private right of action under § 602, and Plaintiffs are incorrect that Eleventh Circuit case law has created an implied one. *Id.* at 293.

discrimination brought under § 1981 and Title VII." *Robertson v. Interactive Coll. of Tech./Interactive Learning Sys., Inc.*, No. 1:14-CV-2728-MHC-JSA, 2017 WL 5197874, at *25 (N.D. Ga. Jan. 13, 2017) (citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002)).[3] In the absence of direct evidence of discrimination, the Court applies the *McDonnell Douglas* burden shifting analysis. *See Silva v. St. Anne Catholic Sch.*, 595 F.Supp.2d 1171, 1182 (D. Kan. 2009) (citing *Guardians Ass'n v. Civil Serv. Comm'n of N.Y.*, 463 U.S. 582, 103 S. Ct. 3221, 77 L.Ed.2d 866 (1983)).[4] Under this analysis, Plaintiffs must first establish their prima facie case before the burden shifts to Defendant to provide a legitimate, non-discriminatory reason for its actions. *Id.* The burden then shifts once again to Plaintiffs, who must show that Defendant's reason is "pretextual." *Id.*

To establish their prima facie case, Plaintiffs must show that: "(1) they are members of a protected class; (2) they suffered adverse action; and (3) they were treated less favorably than similarly situated students." *Id.* (citations omitted). Defendant argues that Plaintiffs have not adduced sufficient evidence "similarly situated students" were treated more favorably than they were. In fact, Defendant contends, Plaintiffs have failed to identify any students who are "similarly situated" to them at all.

The only evidence Plaintiffs have put forward as to this element is their own subjective beliefs that other foreign students were not charged to stay in the dorms over breaks and Plaintiffs

---

[3] This is an unpublished case cited by ASU in its motion and uncontested by Plaintiffs in response. The Court could not find any Eleventh Circuit precedent speaking directly to the standard for a Title VI claim. The Court was able to find a published case from the Middle District of Florida articulating a different standard. *See Methelus v. Sch. Bd. of Collier Cty., Fla.*, 243 F.Supp.3d 1266, 1277 (M.D. Fla. 2017) (citing *N.Y. by Schneiderman v. Utica City Sch. Dist.*, 177 F.Supp.3d 739, 752 (N.D.N.Y. 2016)). The Court suspects that an analysis under either standard would result in the same outcome. However, the Court will analyze this case under the standards articulated by the cases cited by Defendant because Plaintiffs have not disputed these standards and because they are of similar persuasive weight.

[4] Defendant cites this out-of-circuit district court opinion as persuasive authority, and Plaintiffs do not counter with any other authority. Instead, Plaintiffs cite this Court's previous decision in its Order [20] denying Defendant's Motion to Dismiss. In doing so, Plaintiffs confuse the standard of review for summary judgment under Rule 56 with the standard of review for dismissal under Rule 12(b)(6).

were. (*See* Pepple Affidavit [106-2] at ¶ 5; Owei Affidavit [106-3] at ¶ 5; Diamond Affidavit [106-4] at ¶ 6; Jumbo Affidavit [106-8] at ¶ 4.) Subjective beliefs, though, are not enough to establish a claim for discrimination. *See, e.g., Roberson v. Alltell Information Servs.*, 373 F.3d 647, 654 (5th Cir. 2004) (citing *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999)) (stating that subjective belief of discrimination was not enough to create inference of a discriminatory intent). Being charged for staying in the dorms over breaks is the only specific instance where Plaintiffs argue they were treated differently than other students,[5] and the only evidence offered as to the fact that other students were treated differently are Plaintiffs' own subjective beliefs. However, Plaintiffs have given no evidence that these other foreign students were on similar scholarships as they were or that ASU was under similar obligations to them as it was to Plaintiffs. Plaintiffs have not even brought forward anything but their own beliefs that these students were charged differently for their stay in the dorms. Plaintiffs have not, then, submitted evidence to show that these students were similarly situated or that they were treated differently, and have therefore failed to establish their prima facie case.

Because Plaintiffs have adduced no evidence to show that they were treated differently than other similarly situated students, their Title VI claim must fail. Therefore, the Motion for Summary Judgment [100] will be **granted** as to this claim, and it will be **dismissed with prejudice**.

---

[5] Plaintiffs also generally argue in their response that other non-Nigerian students were not subject to the requirements they were, such as living on campus, buying a meal plan, and purchasing their books from the on-campus bookstore, but this argument is not accompanied by any citation to any piece of evidence.

4

### C. State Law Claims

Plaintiffs also bring a number of state law claims against ASU. These claims are brought under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has the authority to decline to exercise this jurisdiction where:

(1) the claim raises a novel or complex issue of State Law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In this case, ASU has raised a sovereign immunity defense, which this Court has previously held to raise a novel and complex issue of state law. *Weatherly v. Ala. State Univ.*, No. 2:10-CV-192-WHA, 2011 WL 6140917, at *32 (M.D. Ala. Dec. 8, 2011). The Court has also dismissed all claims over which it had original jurisdiction, and the only claims left are state law claims. Furthermore, the Court finds Plaintiffs' blatant forum-shopping[6] a compelling enough reason to decline to exercise its supplemental jurisdiction. Therefore, Plaintiffs' state law claims will be **dismissed without prejudice**.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [100] is **granted**. Plaintiffs' claim under Title VI is **dismissed with prejudice**. Plaintiffs' state law claims are **dismissed without prejudice**.

---

[6] This is the second suit Plaintiffs have brought in this Court alleging these claims. The first was dismissed without prejudice for lack of subject matter jurisdiction, as the Plaintiffs could not meet the jurisdictional amount for diversity jurisdiction. Instead of pursuing their claims in state court, Plaintiffs added their Title VI claim and refiled it before this Court in an effort to fall under the Court's federal-question and supplemental jurisdiction.

Parties are directed to advise the Court as to the money deposited in the registry of the Court. A final judgment will be withheld until the Court receives further direction as to this money.

SO ORDERED AND ADJUDGED, on this, the 3rd day of May, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE