# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**SUCCESS JUMBO, et al.**                                                     **PLAINTIFFS**

**v.**                                                **CIVIL ACTION NO. 2:16-CV-702-KS-TFM**

**ALABAMA STATE UNIVERSITY**                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Alter, Amend, or Vacate the Summary Judgment ("Motion to Alter") [110] filed by Plaintiffs. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

## I. BACKGROUND

Plaintiffs originally brought this action in this Court on April 29, 2016.[1] In that suit, Plaintiffs brought various state law claims against Defendant Alabama State University ("ASU") for mishandling scholarship monies provided to Plaintiffs by the Federal Republic of Nigeria. On July 6, 2016, that suit was dismissed without prejudice for lack of subject matter jurisdiction, as Plaintiffs failed to meet the jurisdictional amount required for diversity jurisdiction.

On August 25, 2016, Plaintiffs filed the current suit, which is based on the same alleged conduct, and bring the same state law claims against ASU. In addition to these claims, though, Plaintiffs bring a single federal claim under Title VI for national origin discrimination. Under this claim, Plaintiffs argue that ASU mismanaged the scholarship monies and treated them differently than other students because they are from Nigeria.

---

[1] *Jumbo et al. v. Alabama State University et al.*, Civil Docket No. 2:16-CV-312-KS-GMB.

On May 3, 2018, the Court dismissed the federal claim, finding that Plaintiffs had not established a prima facie case of national origin discrimination. Because the Court also found that there was a novel and complex issue of state law, that the only claim over which it had original jurisdiction had been dismissed, and that there was evidence of forum-shopping on Plaintiffs' part, the Court declined to continue to exercise supplemental jurisdiction over the remaining state law claims, and dismissed them without prejudice.

On May 8, 2018, Plaintiffs filed the current Motion to Alter [110], alleging that the Court erred in its ruling. ASU responded on June 6, 2018. Plaintiffs offered no rebuttal.

## II. DISCUSSION

Plaintiffs bring their Motion to Alter [110] under Federal Rule of Civil Procedure 59(e). Such motions are not used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Rather, a motion to alter under this rule can only be granted based on "newly-discovered evidence or manifest errors of law or fact." *Id.* (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Plaintiffs' motion does not present new evidence, but rather argues that the Court's ruling contained manifest errors of law and fact. Though most of the arguments raised by Plaintiffs were not presented in its original response to the motion for summary judgment and are therefore not properly before the Court, the one argument that was raised previously must be addressed.

Plaintiffs boldly accuse the Court of not reading the affidavit Dr. David Iyegha in ruling on the motion for summary judgment. Though both documents were poorly written, the Court carefully examined both this affidavit and Plaintiffs' brief in response to the motion for summary judgment. The only specific instance of discrimination argued in the response was that Plaintiffs

2

were charged differently for housing during breaks. The only portion of Dr. Iyegha's affidavit that speaks to this is located at Paragraph 7, where he states that he "ha[s] not known any non-Nigerian students, or American students, to be charged break fees for Christmas, between semester breaks, and early arrivals." This evidence alone does not save Plaintiffs' Title VI claim, as Dr. Iyegha, who is a professor of geography, has not been established to have any personal knowledge of student housing fees. This evidence is therefore speculative, and considering it on summary judgment would have been improper.

Finding that there was no manifest error in law or fact, the Court will therefore **deny** Plaintiffs' Motion to Alter [110].

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Alter [110] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 17th day of July, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE